## JOPLIN TRANSFER & STORAGE COMPANY, Respondent, v. CITY OF CARTERVILLE et al., Appellants.

Springfield Court of Appeals, December 4, 1911.

1. **MUNICIPAL CORPORATIONS: Use of Streets: License Tax: Dray Wagons: Hauling Goods In and Out of City: Injunction.** The principles involved in this case are the same as those in the case of city of Carterville v. Robert Blystone, 160 Mo. App. 191, and it is *held* that a city of the fourth class has a right under its ordinances to collect a license tax from a transfer company, which, though located in another town, holds itself out as doing and does a general transfer business from points without the city seeking to collect the license tax, to points within said city, and from points within said city to points beyond its limits, and that the trial court erred in granting a permanent injunction against the city and its officers, enjoining them from arresting plaintiff or its employees on the ground of conducting such a transfer business without a license on its dray wagons.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

REVERSED AND REMANDED (*with directions*).

*A. M. Baird, S. W. Bates* and *W. R. Robertson* for appellant.

(1) The city may levy three taxes under its charter powers; first, a tax on property; second, a vehicle tax for the use of streets; third, a tax on the business, or occupation. St. Louis v. Weitzel, 130 Mo. 619; Harder Co. v. Chicago, 85 N. E. 245. (2) The license

sought to be imposed in this case is based solely on the principle that those who, in the course of their business, wear the streets shall contribute to their maintenance, being of the same nature as tolls charged by private corporation for the use of their turnpikes and such charges are commendable and just. Wonner v. Carterville, 142 Mo. App. 120; Gartside v. E. St. Louis, 43 Ill. 47; St. Louis v. Green, 7 Mo. App. 468; 70 Mo. 562; St. Louis v. Weitzel, 130 Mo. 619; Kansas City v. Richardson, 90 Mo. App. 457; Kansas City v. Smith, 93 Mo. App. 217; Tomlinson v. Indianapolis, 43 N. E. 9; Terre Haute v. Kersy, 64 N. E. 472; Lancaster v. Biggs, 118 Mo. App. 574; Ft. Smith v. Scruggs, 58 L. R. A. (Ark.) 923; Brown v. Mobile, 25 So. 225. (3) The fee required by ordinance 129, being based upon the principle that it is a toll for the use of the streets, is separate and distinct from the business or occupation in which the wagon may be engaged and it makes no difference that the owner of the wagon is a nonresident or the business with which it is connected, together with the wagon may be kept and maintained outside the city limits, while not being used upon the streets of said city. Wonner v. Carterville, 142 Mo. App. 120; Mason v. Mayor, 48 Atl. (Md.) 136; Memphis v. Battaile, 24 Am. Rep. (Tenn.) 285; Fromer v. Richmond, 31 Am. Rep. 749. It is unimportant that the principal portion of the business of the company owning the wagon may be conducted outside the city limits of Carterville, provided the wagon is used upon the streets of the city, in the regular course of business of respondent, such city being within the immediate trade area and district of the respondent. Sacramento v. Stage Co., 12 Cal. 134; Deere Plow Co. v. Wyland, 76 Pac. 863; State v. Bank, 54 Am. St. Rep. 141.

*Lee Shepherd* for respondent.

(1) Municipal corporation powers cease at their boundaries and cannot be exercised beyond them. 28 Cyc. 266. (2) A municipal corporation cannot impose a penalty on parties residing without its limits for bringing passengers within. Lenox v. Georgetown, 1 Cranch C. C. 608. (3) The power and jurisdiction of a municipal corporation are confined to its own limits and to its own internal concerns, and its by-laws are binding upon none but its own members and those properly within its jurisdiction. Gass v. Greenville, 34 Tenn. (4 Sneed) 62. (4) A city cannot impose a license tax on the vehicles of persons not residing within the city limits and carrying on a business within the city, and which was probably used and kept out of the city and in going to and from their place of business. State v. Charleston, 2 Spears 719. (5) A vehicle cannot be taxed by a city when it is simply used to carry goods through a city. Bennett v. Birmingham, 31 Pa. (7 Casey) 15. (6) A carrier licensed in his own city to carry on his business does not by delivering a single load of goods in a city where he is not licensed, violate the ordinance of such city requiring carriers within such city to have a license. E. St. Louis v. Bux, 43 Ill. App. 276; St. Charles v. Nolle, 51 Mo. 122; Cary v. N. Plainfield, 49 N. J. L. 458.

NIXON, P. J.—On May 2, 1911, respondent filed in the circuit court of Jasper county the following petition: (Formal parts omitted.)

"Plaintiff states that it is a corporation organized under the laws of the State of Missouri for the purpose of doing a general transfer business, and among other things hauls machinery, buildings and other property from points within the city of Joplin to points without said city of Joplin, and from the

city of Joplin to and through the city or Carterville, Missouri, and from points within said city of Carterville to points beyond the limits of said city, but does not do any hauling or transfer business or teaming from any point within the city of Carterville to other points within said city.

"That the defendant, city of Carterville, is a city of the fourth class, organized and existing under the laws of the State of Missouri as such. That the defendant, W. B. Robinson, is the mayor of said city; that A. M. Baird is city attorney of said city; that Roy Slevins is city marshal of said city; that —— ———— is police judge of said city of Carterville.

"Plaintiff further says that heretofore on numerous occasions the defendants have arrested the employees of plaintiff for alleged violations of certain city ordinances of the city of Carterville, to-wit: Section — of article — of ordinance ——; that the defendants threaten to again arrest said employees of plaintiff for the alleged violation of said ordinance; that the acts and conduct on behalf of plaintiff's employees which said defendants complain of and for which said employees have heretofore been arrested and for which the defendants threaten to and are about to arrest the employees of plaintiff, are as follows: 'For hauling goods and chattels from the city of Joplin and elsewhere outside of the city of Carterville to points within said city of Carterville and through said city to points beyond the limits of said city of Carterville.' That said arrests are vexatious and are without any lawful authority therefor, and contrary to the laws of the State of Missouri, and to the Constitution of the State of Missouri, and particularly section — of article —, and also contrary to the spirit as well as the wording of the said city ordinance of the city of Carterville, and that said arrests result in a multiplicity of suits and useless and vexatious litigation, and to the great annoyance and interference with plaintiff's

said transfer business and to the great humiliation, annoyance and vexation of plaintiff and plaintiff's employees and in irreparable damage and injury to plaintiff.

"Wherefore, plaintiff prays that defendants, their agents, servants and employees be restrained and enjoined from arresting said employees of plaintiff or in any way interfering directly or indirectly with plaintiff in the management and conduct of its transfer business when hauling goods, chattels and property from points without said city of Carterville to points within said city, or from points without said city of Carterville through said city to points beyond the limits thereof, until the further action and order of this court, and that upon a hearing hereof, that the defendants and each of them be perpetually restrained and enjoined from said actions and conduct hereinabove set forth."

The answer of the defendants was a general denial.

Upon the filing of the petition and an injunction bond by the plaintiff in this case, the court granted a temporary injunction. Subsequently, upon trial, the injunction was made perpetual. The defendants have appealed.

The issues in this case are as to the validity of an ordinance of the city of Carterville and the liability of the plaintiff to pay a license tax in its transfer or dray business in hauling for hire from points outside the city to points inside the city and vice versa. The principles involved are the same as those in the case of City of Carterville, appellant, v. Robert Blystone, respondent, 160 Mo. App. 191, decided by this court at this term, and reference to the opinion in that case is made for their discussion. Under the conclusions therein reached, the city had the right under its ordinances to collect a license tax on plaintiff's vehicles, and the granting of the injunction was therefore not warranted by law. It is accordingly ordered that the

judgment be reversed and the cause remanded with directions to the trial court to set aside its order granting an injunction and that plaintiff's bill be dismissed at its costs. All concur.

